*January 23, 2007*
*No objections. Adopted without qualification.*
*So ordered.*
*s/ Judge Dearie*
*USDJ*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
SCAROLA REAVIS & PARENT LLP,
        Plaintiff,

    -against-

ROBERT DIGGS,
        Defendant.
-------------------------------------------------------------x

**REPORT AND**
**RECOMMENDATION**
**CV-04-1370 (RJD)(SMG)**

**Gold, S., U.S.M.J.**

    On November 17, 2006, I issued a report recommending that defendant Digg's motion to enforce a settlement agreement reached by the parties should be granted. Docket Entry 29. I further recommended that plaintiff recover all attorneys fees it incurred on or after October 18, 2006. My report was adopted by United States District Judge Raymond J. Dearie by order dated December 13, 2006. Docket Entry 33.

    The parties' efforts to agree upon the amount of fees to be recovered have been unsuccessful. Plaintiff now moves to recover $5,520 in fees, supporting its request with time records annexed as Exhibit B to the Declaration of Richard J.J. Scarola. Docket Entry 37. Defendant, while acknowledging he must pay plaintiff's legal fees, challenges the amount sought as unreasonable.

    Courts in the Second Circuit determine attorney's fees according to the "lodestar method," a calculation which is the product of the hours reasonably expended multiplied by a reasonable hourly rate. *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006); *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058 (2d Cir. 1989). I have reviewed the time records submitted by plaintiff and, applying the lodestar method, find that the amount sought is excessive.

First, I find that the amount of time that both Scarola and Drumwright indicated they spent preparing their papers in opposition to defendant's motion to enforce the settlement agreement is unreasonable. These papers included only a barely six and a half page declaration, citing no case law, and 13 very simple, and easily assembled, exhibits. *See* Docket Entry 24. Plaintiffs have failed to justify why this work reasonably took 10.1 hours of a senior associate's time and 2.6 hours of a senior partner's time. *See* Declaration of Richard J.J. Scarola, Exhibit B, Docket Entry 37. I therefore recommend that Drumwright's time be reduced by five hours and that Scarola's time be reduced by .6 hours. This reduction leaves 7.1 hours to prepare a relatively simple, short affidavit, which seems more than adequate.

Second, the hourly rates that plaintiff seeks are also unreasonable. Plaintiff seeks to recover $525 per hour for the time spent by Mr. Scarola and $275 per hour for the time spent by Mr. Drumwright. Mr. Scarola graduated law school in 1982, and presumably has more than twenty years of litigation experience, whereas Mr. Drumwright graduated from law school in 1999. Although the hourly rates they seek to recover may reflect the rates they charge clients for their time, they are not consistent with those typically awarded in this District. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 1547 (1984) (finding that a fee applicant must establish that "the requested rates are in line with those prevailing in the community for similar service by lawyers of reasonably comparable skill, experience, and reputation"); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 97 (2d Cir. 2004) (holding that the relevant community is the district in which the action is commenced and that a court must find "exceptional circumstances" to justify deviating from the rates generally awarded there).

2

Courts in the Eastern District of New York generally award fees at rates of $200-300 per hour for senior partners like Mr. Scarola and $200-250 per hour for attorneys with experience comparable to that of Mr. Drumwright. *See, e.g., Atlantic Recording Co. v. Elizabeth Records, Inc.*, 2006 WL 1027151, at *1-2 (E.D.N.Y. Apr. 14, 2006) (finding that courts in the Eastern District have not typically been as generous as those in the Southern District and that a rate of over $520 for a partner and $275 for an associate was "atypically high even for the Southern district," and awarding $250 for partners and $150 for associates.); *Comm'n Express Nat'l, Inc. v. Rikhy*, 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006) (finding that $200-$300 for partners, $200-$250 for senior associates, and $100-$150 for junior associates are the reasonable hourly rates for attorneys in the Eastern District, absent a showing of special factors to justify an increase beyond the accepted range); *Aiello v. Town of Brookhaven*, 2005 WL 1397202, at *5-7 (E.D.N.Y. June 13, 2005) (holding that a showing of factors, such as "time and labor required, novelty and difficulty of issues, skill required, loss of other employment in taking the case, whether the fee is fixed or contingent, time limitations imposed by the client or circumstances, the amount involved and result obtained, counsel's experience, reputation and ability, the undesirability of the case and the nature and length of the relationship with the client" may justify an increased award, and increasing the award to $250 - $350 for senior associates and partners based on a showing of the difficulty of the factual and legal issues and the "substantial litigation experience" of counsel.). The plaintiffs here have made no showing of exceptional circumstances in this case to justify an award beyond the accepted range for this District.

For these reasons, plaintiff's request for fees is calculated as follows:

a) For Mr. Drumwright's time, 8.2 hours (13.2 hours sought less 5 hours for reasons

stated above) at $225 per hour, for a total of $1845.

b) For Mr. Scarola's time, 3.0 hours (3.6 hours sought less .6 hours for reasons stated above) at $300 per hour, for a total of $900.

The total amount of fees I recommend be awarded is thus $1845 plus $900, or $2745. As plaintiff suggests, defendant has made no showing in support of his request that he be permitted to pay this amount over time. Accordingly, defendant should be required to pay the amount recommended within three weeks of any order adopting this report.

For all these reasons, I respectfully recommend that defendant be required to pay plaintiff $2745 for legal fees incurred on or after October 18, 2006, and that payment be due within three weeks of any order adopting this report. Any objections to this report and recommendation must be filed with the Clerk of the Court, with copies provided to the Honorable Raymond J. Dearie within ten days of receipt and in any event no later than January 19, 2007. Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. §636(b) (1); Fed.R.Civ.P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 14, 15 (2d Cir. 1989).

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
January 5, 2007

U:\JB 2006-2007\scarola fees 010507.wpd

4